## THE CITY OF MILWAUKEE.

*(District Court, E. D. New York.* November 24, 1882.)

1. **COLLISION ON ERIE CANAL.—CANAL-BOAT TIED UP.**

   It is the duty of a canal-boat, which ties up in a canal in a fog, to select the berme bank; and the burden is upon a boat which ties up on the tow-path side to show that she took sufficient precautions to warn an approaching boat, either by strong light or by timely hails.

2. **PRECAUTIONS OMITTED—APPROACHING STEAM CANAL-BOAT.**

   Where the first of these precautions was omitted, and the evidence as to the other precaution was contradictory and open to suspicion, and did not show that timely and sufficient hails had been given by a canal-boat tied up on the tow-path side of the Erie canal to an approaching steam canal-boat, *held*, that the libel against the steam canal-boat for damages for the collision which occurred must be dismissed.

*L. R. Stegman,* (with whom was *E. G. Davis,*) for libelant.

*Beebe, Wilcox & Hobbs,* for claimant.

BENEDICT, D. J.   This action is to recover damages caused by a collision between the canal-boat Frank Noble and the steam canal-boat City of Milwaukee, that occurred on the Erie canal, about a mile west from Canajoharie, between 4 and 5 o'clock in the morning of the ninth of October, 1880.   The libel avers that the Frank Noble, while lying stern to the west tied up on the tow-path side of the canal,—the morning being somewhat foggy,—was run into by the City of Milwaukee, bound east; that the Frank Noble at the time had a watch on deck, who, as the City of Milwaukee approached, hailed her twice to give her notice of a boat on the tow-path, and when she was about 90 feet distant shouted to her to take the outside; that the City of Milwaukee disregarded such hails and came directly upon the Frank Noble, striking her on the stern, two feet from the rudder post on the port side.   The libel also avers that the bow lamp of the Frank Noble was burning at the time, and that a strong light was cast astern from a lamp in her cabin hatch, and the Frank Noble was easily to be seen at a considerable distance.   The faults charged on the City of Milwaukee are failure to pay attention to the hails from the Frank Noble, and keeping up her full speed on a foggy morning. The answer admits the collision at the time and place stated in the libel, and avers that the morning was so foggy as to render great caution necessary.   It denies that any warning was given to the City of Milwaukee as she approached the Frank Noble.   It charges that the

*Reported by R. D. & Wyllys Benedict.

Frank Noble was in an improper place, and an obstruction to navigation; that the City of Milwaukee was proceeding very slowly, with just sufficient headway for steerage way, and close in to the tow-path side; that the Frank Noble had no lights nor lookout, and gave no warning, and her presence on the tow-path was not known to those on the City of Milwaukee until so near that it was not possible for them to avoid her.

Upon the facts it is first to be remarked that the Frank Noble was tied up in an improper place. When she found the fog too thick to run with safety it was her right to tie up, but it was her duty to select the berme bank for that purpose. If, as she claims, at the place where she stopped it was not possible to tie to the berme bank, it was her duty to select another place, either by proceeding a short distance further or by stopping a few moments sooner than she did. Having tied up at an improper and dangerous place, the burden is upon her to show precautions taken sufficient to warn a boat approaching from the west in time to enable such boat to avoid her. Two such precautions were at her command—a strong light showing astern and timely hails. The first of these precautions she omitted. Her bow light and the light from her cabin were not sufficient in such a fog to give warning to a vessel approaching from the west. But she says that she did give timely and sufficient hails to the City of Milwaukee to enable that boat to avoid her. The evidence upon this point on the part of the libelant consists of the testimony of a single witness,—the steersman of the Frank Noble, who was the only person on deck. In corroboration of the statement of this witness that he loudly hailed the Milwaukee, testimony has been given by him, and also by the captain of the Frank Noble, and, on the other hand, by the captain and the steersman of the City of Milwaukee, as to what was said on the respective boats when they passed each other immediately after the collision. No two of these witnesses agree as to what was then said, and all are equally credible. But the uncontradicted evidence that subsequent to the collision the steersman of the Frank Noble offered the steersman of the City of Milwaukee $50 to swear that the Frank Noble had a light, indicates that there was little expectation of securing credence for the statement that the City of Milwaukee was properly hailed. Upon such testimony I am unwilling to hold that timely and sufficient hails are proven to have been given to the City of Milwaukee.

The result is that the libel must be dismissed.